FORMER EMPLOYEES OF MONROE OIL & GAS AND MILAM WELL SERVICE, INC., PLAINTIFFS *v.* U.S. SECRETARY OF LABOR, DEFENDANT

Court No. 89–04–00187

(Decided August 7, 1989)

*William B. Hancock, pro se,* for plaintiffs.

*Stuart E. Schiffer,* Acting Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Jane E. Meehan*), for defendant.

DiCARLO, *Judge:* Plaintiffs, former employees of Monroe Oil and Milam Well Service, Inc., challenge the determination of the Secretary of Labor that they are ineligible for trade adjustment assistance under 19 U.S.C. § 2272, as amended by section 1421(a) of the

Omnibus Trade and Competitiveness Act of 1988, Pub. L. No. 100–418, 102, Stat. 1107, 1242–43 (1988) ("Omnibus Trade Act"), because the statutory period for filing plaintiffs' petition expired prior to its receipt by Labor. The government moves to dismiss pursuant to Rule 12(b)(5) of the Rules of this Court for failure to state a claim upon which relief may be granted. The Court finds that Labor properly denied plaintiffs' untimely petition for trade adjustment assistance, and grants the government's motion to dismiss.

### BACKGROUND

Three former employees of Monroe and Milam petitioned Labor for certification of eligibility for trade adjustment assistance on behalf of plaintiffs. Dated February 27, 1989, their application lists the dates of their respective separations as July 11, 1986, April 15, 1986, and September 1, 1988. Labor rejected plaintiffs' petition because it was filed beyond the statutory 90-day limit under section 1421(a)(1)(B) of the Omnibus Trade Act. Plaintiffs commenced this action challenging Labor's decision by an undated letter, deemed by the Clerk of this Court to constitute a summons and complaint filed on April 10, 1989.

### DISCUSSION

19 U.S.C. § 2273(b) requires petitions for trade adjustment assistance to be filed within one year of separation from employment. Section 1421(a)(1)(B) of the Omnibus Trade Act amended this rule by providing a one-time opportunity to apply for adjustment assistance, by filing a petition within 90 days after August 23, 1988, the effective date of the Omnibus Trade Act. Only workers separated after September 30, 1985 from a firm engaged in exploration or drilling for oil, who were not eligible for trade adjustment assistance prior to the 1988 amendment are eligible under this new provision. Section 1421(a)(1)(B) of the Omnibus Trade and Competitiveness Act of 1988, Pub. L. No. 100–418, 102 Stat. at 1243 (1988); *Former Employees of NL Idus., Inc.* v. *United States Dept. of Labor,* 13 CIT at 515, Slip Op. 89–88, at 6–7 (June 27, 1989); *Former Employees of Bass Enter. Prod. Co.* v. *United States,* 13 CIT at 71, 706 F. Supp. at 900; *Trade Adjustment Assistance; Oil and Gas Exploration and Drilling Workers; Petitions,* 53 Fed. Reg. 35,390 (Sept. 13, 1988).

According to their petition, the plaintiffs are oilfield workers, separated after September 30, 1985, and who otherwise would be ineligible for trade adjustment assistance. Nevertheless, plaintiffs did not submit their petition to Labor until February 27, 1989, well past the 90-day limit. The Secretary, therefore, properly denied the petition as untimely filed under section 1421(a)(1)(B) of the Omnibus Trade Act.

CONCLUSION

As stated in *Former Employees of NL Indus., Inc.,* v. *United States Dept. of Labor,* 13 CIT 516, 89–88 at 7 (June 27, 1989), the "Court is constrained to give effect to statutory enactments as mandated by Congress even though the results may appear harsh." This Court finds that because the plaintiffs did not file their petition for certification of eligibility for trade adjustment assistance within 90 days after the effective date of the 1988 Omnibus Trade Act, they have failed to state a claim upon which relief can be granted. The government's motion to dismiss is granted.